UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>MARCEL VINES and MALIQUE LEWIS,<br><br>*Defendants.* | No. 19-cr-166 (DLF) |

**PROPOSED VOIR DIRE**

1.  This is a criminal case entitled *United States v. Marcel Vines and Malique Lewis*. The defendants are charged by way of Indictment with conspiracy, kidnapping, and first-degree murder. An indictment is not evidence, but rather a manner in which the government presents formal charges in a criminal case. The government alleges that the defendants conspired to and did kidnap and kill Armani Coles and Kerrice Lewis on December 28, 2017. The kidnapping of Kerrice Lewis allegedly took place at an AutoZone parking lot on Georgia Avenue and Longfellow Street, Northwest, and her murder allegedly occurred in the alley behind the 800 block of Adrian Street, Southeast. The kidnapping of Armani Coles allegedly took place in the area of First and Kennedy Streets, Northwest, and his murder allegedly occurred on I-295 in Maryland. The Government further alleges that the kidnappings and murders stem from the defendants' desire to retaliate for the murder of their close friend, Ronzay Green, which was committed during the morning of December 28, 2017, by Dennis Whitaker, a close friend of Armani Coles and Kerrice Lewis. The murder of Ronzay Green occurred at the 7-Eleven convenience store located at

        950 Eastern Avenue, Northeast, Washington, D.C. Marcel Vines and Malique Lewis each deny the allegations against them and have each entered pleas of "Not Guilty" as to all counts with which they are charged. Do you know or have you heard anything about this case?

2. The government in this case is represented by AUSAs Colleen Kukowski, George Peter Eliopoulos, and Kimberley Nielsen. Mr. Vines is represented by Pleasant Brodnax and Joseph Flood. Mr. Lewis is represented by Robert Jenkins.

    Do you know any of these people, including Mr. Vines or Mr. Lewis?

3. Do any of you know anyone else in the courtroom, including me, the courtroom clerk, the court reporter, my law clerk, or the Marshals?

4. The parties will now introduce the names of individuals you may hear about and/or hear testify in this case. [The parties will provide the potential witnesses' names]. Do you know any of the witnesses who have been introduced to you?

*The next four questions relate to you, members of your immediate family, and close personal friends.*

5. Does anyone in that group now work for, or has anyone in that group ever worked for, any law enforcement agency? This includes any police department in or outside the district, special police officers, prosecutors' offices such as the state's attorney or U.S. Attorney, Park Police, FBI, Department of Justice, Homeland Security, sheriffs' departments, Secret Service, or any other law enforcement agency.

6. Has any member of that group ever gone to law school, worked as a lawyer, worked in a law office or for a lawyer, or have an application pending to work in a law-related job?

7. Is anyone in that group either presently or previously employed by a court system, such as D.C. Superior Court or the U.S. District Court?

8. Has any member of that group ever been arrested for, convicted of, or charged with a crime or been a victim of or witness to a crime?

9. Do any of you know any other member of the panel?

10. Do any of you live or work near the 5300 block of Clay Terrace, Northeast, the intersection of Georgia Avenue and Longfellow Street, Northwest; the 800 block of Adrian Street, Southeast; the area of First and Kennedy Streets, Northwest; the 7-Eleven convenience store located at 950 Eastern Avenue, Northeast; or the 3900 block of Burns Court, Southeast, Washington?

11. I will be instructing the jury at the end of the trial that the testimony of a police officer should be treated the same as the testimony of any other witness and that the jury should not give either greater or lesser weight to the testimony of a witness simply because that witness is a police officer. Does anyone have such strong feelings about the police – either positive or negative – that would make it difficult for you to treat the testimony of a police officer as you would for any other witness in this case?

12. Have any of you had an experience as a juror in a previous criminal trial that would affect your ability to be a fair juror in this trial?

13. This case involves allegations about kidnapping and murder, in which the victims were allegedly shot with a handgun and an assault rifle. Does anyone believe that

the nature of these charges would affect their ability to serve fairly and impartially as a juror in this case?

14. Similarly, throughout this trial, there will be testimony and pictures demonstrating the injuries sustained by the victims. Some of this testimony and the pictures may be graphic and disturbing. The issue is not whether you would find this evidence upsetting. Rather, the question is whether the evidence just described would make it difficult for you to sit as a fair, attentive, and impartial juror in this case. If so, please mark yes for this question.

15. I expect that you may hear testimony in this case from a witness who previously entered into a written plea agreement with the government and as part of that agreement, they have agreed to provide information to the government. These witnesses are often referred to as "cooperating witnesses." I will instruct you that one of your roles is to determine the credibility of the witnesses. Would you find it difficult to credit or believe the testimony of a cooperating witness solely because that person has entered into a cooperation agreement with the government?

16. The potential punishment for the offenses charged in the Indictment is a matter that should never be considered by the jury in any way in arriving at an impartial verdict as to the guilt or innocence of the accused. Can you put aside concerns about potential punishment in arriving at a fair and impartial verdict in this case?

17. In your deliberations, will you consider the evidence and the Court's instructions of law without considering the consequences to either side?

18. There may be expert testimony concerning, *e.g.*, autopsies, DNA, fingerprints, cell-site location, and ballistics. Does anyone have any experience in any of those

subject areas?

19. Have you ever served as a juror in a criminal case, either in a federal court, a District of Columbia court, or a court anywhere else?

   **a. If you have served as a juror, what court?**
   **b. If you have served as a juror, were you ever the foreperson of a jury?**
   **c. If you have served as a juror, did the jury reach a verdict?**

20. Do any of you now, or have you within the past five years, belonged to or participated in any crime prevention groups, such as neighborhood watch organizations, orange hat groups, or any other crime prevention group?

21. Would serving as a juror in this case be an extreme hardship to anyone? We expect this trial to last no longer than 4 weeks.

22. Does anyone have a health or physical problem that would make it difficult to serve on this jury, such as a problem with eyesight or hearing?

   My final question is what I call my "catch-all" question. This asks whether there is any other reason that I haven't asked about that might make it difficult for you to sit fairly, impartially, and attentively as a juror. Perhaps you have a religious, moral, or philosophical reason that you believe would make it hard for you to be fair or to sit in judgment on someone. In sum, is there some other reason that would make it difficult for you to sit as a fair and impartial juror in this case?