IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA, :
:
v. : Case No.: **1:19-cr-00166-DLF-2**
:
MALIQUE LEWIS, :
    Defendant. :

### DEFENDANT'S MEMORANDUM IN AID OF SENTENCING

Pursuant to Section 6A1.2 of the *Federal Sentencing Guidelines* the defendant, JEXON MALIQUE LEWIS, comes now and submits the following:

**I.**    **Objections to Presentence Report**

The defendant does not object to any of the factual assertions in the report.

**II.**    **Sentencing Factors**

A sentencing court is required to consider the guidelines ranges, *see* 18 U.S.C.A 3553(a)(4)(Supp. 2004), but is permitted to tailor the sentence in light of other statutory concerns as well. Specifically, 18 USC 3553(a) notes:

> The court shall impose a sentence **sufficient, but not greater than necessary,** to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—
> (1)    the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2)    the need for the sentence imposed—
>    (A)    to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>    (B)    to afford adequate deterrence to criminal conduct;
>    (C)    to protect the public from further crimes of the defendant; and
>    (D)    to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3)    the kinds of sentences available;
> (4)    the kinds of sentence and the sentencing range established for—
>    (A)    the applicable category of offense committed by the applicable category of defendant as set forth in the

> > guidelines issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, and that are in effect on the date the defendant is sentenced; or
>
> (B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code;
>
> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to 28 U.S.C. 994(a)(2) that is in effect on the date the defendant is sentenced;
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

The Supreme Court has described the process for imposing a sentence under the advisory sentencing guidelines as follows:

> [A] district court should begin all sentencing proceedings by correctly calculating the applicable [United States Sentencing] Guidelines range. As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark. The Guidelines are not the only consideration, however. Accordingly, after giving both parties an opportunity to argue for whatever sentence they deem appropriate, the district judge should then consider all of the [18 U.S.C.] §3553(a) factors to determine whether they support the sentence requested by a party. In so doing, he may not presume that the Guidelines range is reasonable. He must make an individualized assessment based on the facts presented. If he decides that an outside-Guidelines sentence is warranted, he must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance…[A] major departure should be supported by a more significant justification than a minor one. After settling on the appropriate sentence, he must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing.

*Gall v. United States,* 128 S.Ct. 586, 596-97 (2007)(citations and footnote omitted; *see also Kimbrough v. United States*, 128 S.Ct. 558, 569-70 (2007).

2

A. § 3553(a) Sentencing Factors

In addition to considering the advisory sentencing range recommended under the federal sentencing guidelines, and statutory restrictions this Honorable Court must also consider the sentencing factors set forth in § 3553(a). The defendant submits an application of these factors to the case at bar leads to the conclusion that the following sentences for each count listed would be sufficient but not greater than necessary:

| Count | Sentence |
|---|---|
| Counts One and Two | Life |
| Count 3 | 30 years |
| Count 4 | 5 years |
| Count 6 | 10 years |
| Count 7 | 5 years |
| Count 8 | 10 years |
| Count 9 | 5 years |
| Count 10 | 30 years |
| Count 11 | 5 years |
| Count 12 | 30 years |
| Count 13 | 5 years |
| Count 14 | 30 years |
| Count 15 | 5 years |

Mr. Lewis requestS that the sentences run consecutive to counts one and two, but concurrent to one another.

### 1. History and Characteristics of Mr. Malique Lewis

The presentence investigative report summarizes Mr. Lewis' background. Considering his criminal history, age at the time of the offenses, and other factors outlined in the report Mr. Lewis submits the recommended sentence would be sufficient, but not greater than necessary.

### 2. Nature of the Offenses

The Court is well familiar with the factS supporting the jury's guilty findings in this matter. Notwithstanding such, Mr. Lewis continues to maintain his innocence. While the conduct described in the testimony presented at trial was disturbing, Mr. Lewis submits a sentence of two life sentences along with the other recommended sentences would adequately address the criminal behavior.

### 3. Need to Deter

The recommended sentence submitted by Mr. Lewis would provide adequate deterrence. It would incapacitate Mr. Lewis for the remainder of his natural life. It would further provide general deterrence.

### III. Conclusion

Wherefore the defendant, **MALIQUE LEWIS**, respectfully requests that this Honorable Court consistent with the recommendation herein submitted.

I ASK FOR THIS:

_____/s/_____
Robert L. Jenkins, Jr., Esq.
United States District Court Bar No.: CO0003
Bynum & Jenkins Law
1010 Cameron Street
Alexandria, Virginia 22314
(703) 309 0899 Telephone
(703) 549 7701 Fax
RJenkins@BynumAndJenkinsLaw.com
Counsel for Defendant MALIQUE LEWIS

4

**CERTIFICATE OF SERVICE**

   I hereby certify that I caused a true and accurate copy of the foregoing to be served upon all counsel of record via ECF on March 3, 2025.

_____/s/_____
Robert L. Jenkins, Jr., Esq.
United States District Court Bar No.: CO0003
Bynum & Jenkins Law
1010 Cameron Street
Alexandria, Virginia 22314
(703) 309 0899 Telephone
(703) 549 7701 Fax
RJenkins@BynumAndJenkinsLaw.com
Counsel for Defendant MALIQUE LEWIS